[D.I. 101]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DERRICK DASHAWN GILLIAM,<br><br>        Plaintiff,<br><br>  v.<br><br>JOHN CUZZUPE, et al.,<br><br>        Defendants. | Civil No. 17-6282 (NLH/AMD) |

**ORDER**

      This matter comes before the Court by way of motion [D.I. 101] of Plaintiff, Derrick Dashawn Gilliam, for default judgment for Defendants' alleged failure to provide discovery in accordance with a court order dated October 6, 2021. The Court has considered the parties' submissions and decides this matter pursuant to Federal Rule of Civil Procedure 78(b). For the reasons that follow and for good cause shown, Plaintiff's motion is denied without prejudice.

      The present motion arises from Plaintiff's ongoing efforts to obtain discovery responses from Defendants. The background of this issue is set forth in the Court's Order dated October 6, 2021 and is incorporated herein by reference. (*See* Order [D.I. 99], Oct. 6, 2021, pp. 1-3.) The Court, by Order dated August 2, 2021, previously required Defendants to respond to Plaintiff's

discovery requests by no later than August 16, 2021. (*Id.* at p. 2.) On August 16, 2021, Defendants mailed their responses to Plaintiff's Rule 34 document requests, with the subject documents contained on a USB drive, to Plaintiff at USP Hazelton, where Plaintiff was incarcerated at the time. (*Id.* at p. 3.) Plaintiff, however, did not receive the documents and therefore filed a motion for entry of default judgment as a discovery sanction. (*Id.* at pp. 2-3.) The Court denied Plaintiff's motion without prejudice, finding "no basis to conclude that Defendants failed to comply" with the August 2, 2021 Order. (*Id.* at p. 5.) In so finding, the Court noted a sworn declaration of counsel, a copy of a cover letter addressed to Plaintiff enclosing Defendants' discovery responses, and a copy of a return mail envelope sent from USP Hazelton to defense counsel, which demonstrated that counsel attempted to serve discovery responses on Plaintiff, but the responses were returned to sender. (*See id.*) In addition, the Court noted that Plaintiff did not address the factors set forth in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984), which are relevant to a determination of whether the sanction of default judgment is warranted. (*Id.* at p. 4.) Although the Court did not impose sanctions at that time, the Court required Defendants, by no later than October 20, 2021, to re-send to Plaintiff paper copies of their discovery responses to the extent such documents from the USB drive could be printed, to determine

2

the prison's protocol for sending videos to inmates with respect to any discovery material on the USB drive that could not be printed, and to send electronic discovery to Plaintiff in accordance with the prison's protocol. (*Id.* at p. 7.)

In the present motion, Plaintiff represents that he did not receive discovery pursuant to the October 6, 2021 Order. (*See* Pl.'s Pro Se Mot. for Default J. Due to Defs.' Non-Compliance with his Discovery Demands (hereinafter, "Pl.'s Mot.") [D.I. 101], p. 1.) Plaintiff therefore again moves for default judgment as a discovery sanction. (*Id.*) Plaintiff asserts that Defendants have failed to respond to discovery on at least three occasions, even after being ordered to do so by the Court. (*Id.* at p. 2.) Plaintiff alleges that he is harmed by Defendants' failure to produce discovery because he is unable to view the videos in Defendants' possession, which Plaintiff contends is "crucial" evidence in the case. (*Id.* at p. 1.) Plaintiff argues that Defendants' failure to produce "core" evidence warrants imposition of the sanction of default judgment. (*Id.* at p. 2.)

In opposition, Defendants provide a declaration of counsel in which counsel represents that he mailed to Plaintiff on October 12, 2021 an envelope which contained "Defendant's Fed.R.Civ. 34 reply and the subject documents that were gathered from [his] clients and stored on a USB thumb drive." (Decl. of Michael M. Mulligan, Esq. (hereinafter, "Mulligan Decl.") [D.I.

3

102], Nov. 14, 2021, p. 1, ¶ 1.) Defense counsel also represents that John Cuzzupe, Warden of Salem County Correctional Facility, "succeeded in contacting USP Hazelton authorities and received specific instructions concerning the necessary labelling detail." (*Id.* at pp. 1-2, ¶ 2.) Counsel notes that the package sent to the prison was not returned to sender. (*Id.* at p. 2, ¶ 3.) Counsel also attached to the motion an envelope purporting to demonstrate that Defendants' discovery responses were mailed to Plaintiff, and an email thread between defense counsel and Warden Cuzzupe concerning efforts to contact the prison to identify the proper manner of mailing discovery to Plaintiff. (*Id.*, Exs. 001-005.)

Plaintiff argues in his reply papers that the representations made by counsel in opposition to the motion are not supported by the exhibits attached to the declaration of counsel. (*See* Pl.'s Reply/Objection to Defendants Opposition [D.I. 109], p. 1.) Plaintiff asserts, for example, that the email correspondence between defense counsel and Warden Cuzzupe does not demonstrate that the warden or defense counsel received instructions from the prison on sending discovery to Plaintiff. (*Id.* at p. 2, ¶ 3.) Plaintiff notes that the email thread demonstrates only that Warden Cuzzupe called a number and left a message but does not demonstrate that the warden spoke with anyone at the prison. (*Id.* at p. 2-3, ¶¶ 4, 5.) In addition, Plaintiff asserts that the envelope submitted by defense counsel does not

4

reflect postage information, nor have Defendants provided any evidence of proof of mailing. (*Id.* at p. 2, ¶ 2.) Plaintiff represents that if the USB drive was received by the prison, the device would have been logged and maintained by prison employees, so Defendants could have requested from the prison proof that the device was received. (*Id.* at pp. 3-4, ¶¶ 6, 8.) Finally, Plaintiff notes that defense counsel has the contact information for Plaintiff's counselor at the prison and could have contacted the counselor to determine the appropriate method of delivering the USB device to Plaintiff, yet defense counsel fails to explain why he chose not to utilize the counselor as a point of contact. (*Id.* at p. 1, ¶ 1.)

As this Court noted in the October 6, 2021 Order, pursuant to Federal Rule of Civil Procedure 37(b)(2), the court may enter an order "rendering a default judgment against the disobedient party" when a party "fails to obey an order to provide or permit discovery[.]" FED. R. CIV. P. 37(b)(2)(A)(vi). In deciding whether to impose a sanction "that deprive[s] a party of the right to proceed with or defend against a claim[,]" a court must consider the six factors set forth in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 919 (3d Cir. 1992). These factors include: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet

5

scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party [or] the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Id.* (quoting *Poulis*, 747 F.2d at 868).

The Court again finds no basis to impose the drastic sanction of default judgment at this time. Plaintiff does not address all of the *Poulis* factors, instead asserting only that he is prejudiced by Defendants' failure to produce discovery and noting a repeated pattern of dilatoriness. Plaintiff does not demonstrate that Defendants are personally responsible for the failure to comply with this Court's October 6, 2021 Order, nor does Plaintiff address the effectiveness of alternative sanctions or the meritoriousness of his claims. In fact, it appears that Defendants attempted to comply with this Court's order when Warden Cuzzupe reached out to USP Hazelton to obtain the requisite information to mail discovery to Plaintiff. Furthermore, while the Court agrees with Plaintiff that the documents attached to defense counsel's declaration do not confirm the representations made in the declaration,[1] the documents do not refute counsel's

---

[1] For example, the email correspondence between defense counsel and Warden Cuzzupe demonstrates that the warden contacted the prison about sending discovery to Plaintiff, but the emails do not demonstrate that the warden "received specific instructions

6

representations regarding his efforts to comply with the October 6, 2021 Order. Counsel represents under penalty of perjury that on October 12, 2021 Defendants mailed a package to Plaintiff containing "the Defendant's Fed.R.Civ. 34 reply and the subject documents that were gathered from [Defendants] and stored on a USB thumb drive." (Mulligan Decl., p. 1, ¶ 1.) Therefore, the Court finds that Defendants attempted to comply with the October 6, 2021 Order and thus concludes that sanctions are not warranted at this time.

In so finding, the Court notes that since the filing of this motion, Plaintiff was transferred to USP Terre Haute in Indiana. Therefore, the Court will direct defense counsel to re-send to Plaintiff at Plaintiff's new address paper copies of Defendants' August 16, 2021 discovery responses, to the extent such responses and documents can be printed. To the extent the discovery responses include material that cannot be printed, including videos, defense counsel shall contact the new prison where Plaintiff is confined to obtain the prison's protocol for

---

concerning the necessary labelling detail." (Mulligan Decl., p. 2, ¶ 2.) Moreover, the envelope attached to counsel's declaration does not contain postage information or otherwise indicate that it was mailed. (*Id.* at Ex. 001.)

7

sending videos to inmates and shall follow the prison's protocol to attempt to serve Plaintiff with such material.[2]

CONSEQUENTLY, for the reasons set forth above and for good cause shown:

IT IS on this **23rd** day of **March 2022**,

**ORDERED** that Plaintiff's motion [D.I. 101] for default judgment as a discovery sanction shall be, and is hereby, **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Defendants shall contact the prison where Plaintiff is presently confined to determine the prison's protocol for sending videos to inmates by no later than **May 6, 2022**; and it is further

**ORDERED** that Defendants shall re-send to Plaintiff by no later than **May 6, 2022 paper copies** of their August 16, 2021 discovery responses, to the extent such responses and documents can be printed, and shall comply with the prison's protocol for sending videos to inmates with respect to any discovery material that cannot be printed; and it is further

---

[2] The Court notes that new counsel has entered an appearance on behalf of Defendant Salem County, although prior defense counsel, Mr. Mulligan, is still the attorney of record for all remaining defendants. This Court has scheduled two conferences since the substitution of counsel on December 31, 2021, and neither defense counsel appeared at either of the conferences. (See Scheduling Order [D.I. 111], Jan. 24, 2022; Order [D.I. 112], Feb. 9, 2022.) The Court shall schedule a telephone conference by separate order to address compliance with this Order.

**ORDERED** that compliance with the above directives is required, and failure to comply may result in the suppression of defenses in the discretion of the Court.

s/ Ann Marie Donio
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE

cc:  Hon. Noel L. Hillman